USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-5-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :     **PROTECTIVE ORDER**

            - v. -                  :     11 Cr. 897 (JFK)

MANSSOR ARBABSIAR,                  :
      a/k/a "Mansour Arbabsiar,"
                                    :

                  Defendant.        :

- - - - - - - - - - - - - - - - - - - x

     WHEREAS this matter comes before the Court upon the
Government's motion for a Protective Order to prevent the
unauthorized disclosure or dissemination of classified national
security information and documents belonging to the United States
Government which may be reviewed by, made available to, or are or
may otherwise come to be in the possession of the defendant and
defense counsel in this case, and

     WHEREAS the Government personnel in this case, including
Assistant United States Attorneys Glen Kopp and Edward Kim, who
have had, and will have, access to national security information
and documents relating to this case and have "Top
Secret/Sensitive Compartmented Information" ("SCI") security
clearances, and

     WHEREAS the Government maintains and has access to storage
facilities necessary for the storage, maintenance, and handling
of "Secret" and "Top Secret" national security information and
documents, as well as material additionally controlled as SCI,

1

and

     WHEREAS the national security information in this case may be classified at the "Secret" and "Top Secret" levels, or additionally controlled as "SCI,"

     IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to the authority granted under Sections 3 and 9 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), the Security Procedures Established Pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures") (reprinted following CIPA § 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and to protect the national security, the following Protective Order is entered.

     1.    The Court finds that this case involves information that has been classified in the interest of the national security of the United States pursuant to Executive Order 12958, as amended.[1]  The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances and a "need to know," as defined

---

[1] Executive Order 12958 was amended by Executive Order 13292.  See Exec. Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003).  All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292.  See Exec. Order No. 12,958, 3 C.F.R. 333 (1995), reprinted as amended in 50 U.S.C.A. § 435 note at 180 (Supp. 2007).

in section 6.1(z) of Executive Order 12958.

    2.   The purpose of this Order is to establish the procedures that must be followed by all defense counsel of record, the defendant, all other counsel involved in this case, translators for the defense, any other persons retained by the defense, any Court personnel, and all other individuals who receive access to classified national security information or documents in connection with this case.

    3.   The procedures set forth in this Protective Order, the Security Procedures, and CIPA will apply to all trial, post-trial, and appellate aspects concerning this case, and may be modified from time to time by further order of the Court acting under Rule 16(d) of the Federal Rules of Criminal Procedure, Sections 3 and 9 of CIPA, and its inherent supervisory authority.

    4.   As used herein, the terms "classified national security information and documents," "classified information," and "classified documents" refer to:

        a.   any document or information which has been classified by any Executive Branch agency in the interests of national security, or pursuant to Executive Order 12958, as amended, or its predecessor orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any information contained in

such a document;

     b.   any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the government pursuant to Executive Order 12958, as amended by Executive Order 13292, or predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET" or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

     c.   verbal information known to the defendant, defense counsel, or any person retained by defense counsel, as containing classified information as defined herein;

     d.   any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 12958, as amended, or its predecessor orders, that defense counsel reasonably believe to contain classified information; and

     e.   any document or information as to which the Government has provided notice that such document or information contains classified information.

   5.   As used herein, the terms "document" or "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, all identical

or conforming copies, and all non-identical or non-conforming

copies (whether different from the original by reason of any

notation made on such copies or otherwise), including, without

limitation:

        a.    pleadings; orders; papers; correspondence;

memoranda; notes; letters; reports; summaries; inter-office and

intra-office communications; notations of any sort concerning

conversations, meetings or other communications; teletypes,

telegrams, and faxes; invoices; worksheets; and all drafts,

alterations, modifications, changes, and amendments of any kind

of the foregoing;

        b.    graphic or aural records or representations of any

kind, including, without limitation, photographs, maps, charts,

graphs, microfiches, microfilm, video tapes, sound recording of

any kind, motion pictures;

        c.    electronic, mechanical, or electric records or

representations of any kind, including, without limitation,

tapes, cassettes, disks, recordings, films, typewriter or

correcting ribbons, computer tapes or disks, CD-ROMs, DVDs, and

all manner of electronic data storage; and

        d.    information acquired aurally.

    6.  Information in the public domain is ordinarily

unclassified.  However, if classified information is reported in

the media or otherwise enters the public domain, the information

does not lose its classified status merely because it is in the public domain.  Information reported in the media or otherwise in the public domain may be considered classified and subject to the provisions of CIPA if the information in fact remains classified and is confirmed by any person who has, or has had, such access to classified information and that confirmation corroborates the information in question.  Accordingly, any attempt by the defense to have classified information that has been reported in the public domain confirmed or denied at trial or in any public proceeding in this case shall be governed by CIPA and all provisions of this Order.

7.  All classified documents and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that originated the documents or information contained therein.

8.  Any information that is obtained by the defense that may fall under one of the definitions of classified information outlined in paragraphs 4(a)-(e) above, and which the defense seeks to use in the course of this litigation, must be brought to the attention of the Court and Government counsel, consistent with Section 5 of CIPA and all provisions of this Protective Order.

9.   In accordance with the provisions of CIPA and the

6

Security procedures promulgated by the Chief Justice of the
United States pursuant to that Act, this Court appoints Michael
P. Macisso as the Court Security Officer (hereinafter "CSO") who
will provide security arrangements necessary to protect from
unauthorized disclosure any classified information or document
made available to the defense or the Court in connection with
this case.  Defense counsel and Court personnel shall seek
guidance from the CSO with regard to appropriate storage,
handling, transmittal, and use of classified information.

10.  If deemed necessary by the CSO or the Government, the
CSO shall arrange for and maintain an appropriately approved
secure area for the use of defense counsel.  "Secure area" means
a sensitive compartmented information facility ("SCIF")
accredited by a Court Security Officer for the storage, handling,
and control of classified information.  The CSO shall establish
procedures to assure that the secure area is accessible to
defense counsel during business hours and/or at other times upon
reasonable request as approved by the CSO.  The secure area shall
contain a separate working area for defense counsel and will be
outfitted with any secure office equipment requested by the
defense that is reasonable and necessary to the preparation of
the defense.  The CSO, in consultation with defense counsel,
shall establish procedures to assure that the secure area may be
maintained and operated in the most efficient manner consistent

with the protection of classified information.  The CSO shall not reveal to the Government the content of any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being generated.  The presence of the CSO shall not operate to render inapplicable the privilege for attorney-client communications.

11.  No defendant, counsel for a defendant, employee of counsel for a defendant, person retained by counsel for defendant, or defense witness shall have access to any classified information involved in this case unless that person shall first have:

a.   received the necessary security clearance as determined by the Department of Justice Security Officer working in conjunction with the CSO, or approval from the Government for access to the particular classified information in question;

b.   a need to know; and

c.   signed the Memorandum of Understanding in the form attached hereto agreeing to comply with the terms of this Order.

12.  Pursuant to Section 4 of the Security Procedures, no court personnel (except for the Judge) required by this Court for its assistance shall have access to any classified information involved in this case unless that person shall first have received the necessary security clearance as determined by the Department of Justice Security Officer.

8

13.  Standard Form 86, "Questionnaire for National Security
Positions," attached releases, and full fingerprints shall be
completed and submitted to the CSO forthwith by all defense
counsel not otherwise already cleared, all persons whose
assistance the defense reasonably requires, and by such courtroom
personnel as the Court requires for its assistance.  The CSO
shall undertake all reasonable steps to process all security
clearance applications in accordance with applicable regulations.

14.  Prior security clearance and a "need to know" as
determined by any government entity as applying to one person
does not give that person the authority to disclose any
classified national security documents or information to any
other individual.  By way of example, but not limitation, defense
counsel with appropriate clearances and a "need to know," as
determined by the Government, are not authorized to discuss or
otherwise disclose such classified information with an uncleared
defendant absent written permission of the Government.

15.  If they have obtained the appropriate clearances, have
a need to know, and have executed a copy of the Memorandum of
Understanding attached hereto, the defendant, her counsel, and
any employees or agents of defense counsel, or cleared witnesses
accompanied by defense counsel shall have access to classified
information only as follows:

a.  All classified information produced by the

9

Government to the defense in discovery or otherwise, and all classified information possessed, created, or maintained by the defense, shall be stored, maintained and used only in a secure area established by the CSO.  No classified information shall be maintained by the defense in any other place other than the secure area established by the CSO.

b.   Defense counsel shall have free access to the classified information made available to them in the secure area established by the CSO and shall be allowed to take notes and prepare documents with respect to those materials.

c.   No person, including the defense counsel, shall copy or reproduce any classified information in any manner or form, except with the approval of the CSO or in accordance with the procedures established by the CSO for the operation of the secure area.

d.   All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the CSO.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the CSO determines that those documents or associated

10

materials are unclassified in their entirety.  None of these
materials shall be disclosed to counsel for the United States.

e.  The defense shall discuss classified information
only with other cleared persons and only in the secure area or in
an area authorized by the CSO.

f.  The defense shall not disclose, without prior
approval of the Court, the contents of any classified documents
or information to any person not named in this Order except the
Court, Court personnel, and any attorneys for the United States
identified by the CSO as having the appropriate clearances and
the need to know.  Counsel for the United States shall be given
an opportunity to be heard in response to any defense request for
disclosure to a person not named in this Order.  Any person
approved by the Court for disclosure under this paragraph shall
be required to obtain the appropriate security clearance, to sign
and submit to the Court the Memorandum of Understanding appended
to the Order, and to comply with all the terms and conditions of
the Order.  If preparation of the defense requires that
classified information be disclosed to persons not named in this
Order, the Department of Justice shall promptly seek to obtain
security clearances for them at the request of defense counsel.

g.  The defense, including defense counsel and any
other later cleared employees, agents, or defense witnesses,
shall not discuss classified information over any standard

11

commercial telephone instrument, cellular telephone, or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not been granted access by the Court to classified information.

h.  Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i.  If counsel for the Government advises defense counsel that certain classified information or documents may not be disclosed to the defendant, then defense counsel shall not disclose such information or documents to the defendant without prior concurrence of counsel for the Government or, absent such concurrence, approval of the Court.  Counsel for the Government shall be given an opportunity to be heard in response to any defense request for the disclosure to the defendant of such classified information.

16.  The substitution, departure, or removal for any reason from this case of any defense counsel, defendant, or anyone associated with the defense as a witness or otherwise shall not release that individual from the provisions of this Order or any form or document executed in connection with this Order.  Because classified information remains the property of the United States

12

Government, the persons covered in this order are bound by any
subsequent conditions imposed on the classified information or
documents, even if more restrictive.

17.   All written pleadings, filings, attachments, or
documents involving classified information, or those which
reasonably might cause the disclosure of classified information,
or which concern or relate to national security or intelligence
matters shall not be publicly filed, but shall be filed under
seal with the CSO or designee and shall be marked: "Filed in
Camera and Under Seal with the Court Security Officer," with
separate service of copies upon counsel for the Government
(except in the event of an ex parte application), provided that
the materials be transported by, and delivered to, persons known
to have the appropriate security clearance.  The date and time of
physical submission to the CSO shall be considered the date and
time of the filing.  The CSO shall promptly examine the pleading
or document and, in consultation with representatives of the
appropriate agencies, determine whether the pleading or document
contains classified information.  If the CSO determines that the
pleading or document contains classified information, he or she
shall ensure that the portion of the document containing
classified information, and only that portion, is marked with the
appropriate classification marking and remains under seal.  All
portions of all paper filed by the defendants that do not contain

13

classified information shall be unsealed by the CSO and placed in
the public record.  The CSO shall deliver under seal to the Court
and counsel for the United States any pleading or document to be
filed by the defendants that contains classified information.
The Court shall then direct the clerk to enter on the docket
sheet the title of the pleading or document, the date it was
filed, and the fact that it has been filed under seal with the
CSO.

18.  Any pleadings or other documents filed by the
Government containing classified information shall be filed under
seal with the Court through the CSO or a designee.  Such
pleadings and documents shall be marked, "Filed Under Seal with
the CSO."  The date and time of physical submission to the CSO
shall be considered the date and time of the filing.

19.  The CSO shall maintain a separate sealed record for
those materials which are classified.  The CSO shall be
responsible for the maintaining of the secured record for
purposes of later proceedings or appeals.

20.  Any unauthorized disclosure of classified information
may constitute a violation of United States criminal laws.  In
addition, any violation of the terms of this Order shall be
brought immediately to the attention of this Court and may result
in a charge of contempt of court and possible referral for
criminal prosecution.  Any breach of this Order may also result

in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and, in some cases, exceptionally grave damage to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States. This Protective Order is to ensure that those persons authorized to receive classified information in connection with this case will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, without prior written authorization from the originating agency and in conformity with this Protective Order. Nothing in this Protective Order shall be construed to limit the Government's ability to enforce the criminal laws related to the unauthorized disclosure of classified information.

21. All classified documents and information to which the defense (including the defendant, counsel for the defendant, anyone retained by counsel for the defendant, and any later cleared employee of counsel for the defendant, or cleared defense witness) has access in this case is now and will remain the property of the United States government. The defendant, defense counsel, later cleared defense counsel employees or agents, and cleared defense witnesses shall return all classified information

15

in their possession obtained through discovery from the
Government in this case upon demand by the CSO.  Any notes,
summaries, and other documents prepared by the defense that do or
may contain classified information shall remain at all times in
the custody of the CSO for the duration of this case.  At the
conclusion of this case, all such notes, summaries, and other
documents are to be destroyed by the CSO in the presence of
defense counsel.

22.  A copy of this Protective Order shall issue forthwith
to defense counsel named herein, who shall be responsible for
advising the defendant, defense counsel employees or agents, and
defense witnesses of the contents of this Protective Order.  The
defendant, defense counsel, court personnel and any other
individuals who will be provided access to classified information
shall execute the Memorandum of Understanding appended to this
Protective Order, and defense counsel shall file executed
originals with the Court and the CSO, and serve executed
originals upon the Government.  The execution and filing of the

Memorandum of Understanding are conditions precedent for the

defendant, defense counsel, or any other person assisting the

defense to have access to classified information in this case.

Dated: ~~December~~ *January* 5 , 201~~1~~2 *(JFK)*
       New York, New York

                              SO ORDERED:

                              _____
                              THE HONORABLE JOHN F. KEENAN
                              United States District Judge
                              Southern District of New York

17