UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
UNITED STATES OF AMERICA,
                                                :   11 Cr. 897 (JFK)
    - v. -
                                                :
MANSSOR ARBABSIAR,
   a/k/a "Mansour Arbabsiar,"                   :

                    Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO THE DEFENDANT'S MOTION TO REJECT
THE GOVERNMENT'S *EX PARTE* FILING**

 

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Edward Y. Kim
Glen A. Kopp
Assistant United States Attorneys
        -Of Counsel-

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the defendant's application to reveal the Government's *ex parte*, *in camera* submission to the Court, which was made pursuant to—and which fully complied with—Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d) of the Federal Rules of Criminal Procedure ("Rule 16"). For the reasons set forth below, the defendant's application should be rejected.

## BACKGROUND

On March 30, 2012, the Government made a classified, *ex parte*, *in camera* filing, pursuant to Section 4 of CIPA and Rule 16 concerning classified discovery (the "Government's CIPA Motion"). On the same day, the Government provided notice of the filing to defense counsel. On April 16, 2012, the defendant submitted a letter objecting to the *ex parte* nature of the Government's filing (the "Defendant's April 16th Motion").

## ARGUMENT

In addition to generally opposing the Government's CIPA Motion, the Defendant's April 16th Motion asserts that the Court should (1) require the Government to disclose the legal arguments it advanced in support of the Government's CIPA Motion; and (2) allow the defendant to submit its own *ex parte* submission to the Court to set forth information that the Court may need to evaluate the Government's CIPA Motion.

As to the first point, and as is set forth more fully below, the defendant's argument is contrary to CIPA, Rule 16, and well-established caselaw. It should be rejected. As to the second point, should the Court determine that an *ex parte* submission from the defense would be useful, the Government would not oppose such a submission.

**I.      The Court Can Properly Consider the Government's Submission *Ex Parte* and *In Camera***

It is beyond dispute that both Rule 16(d)(1) and Section 4 of CIPA expressly authorize the Government to do what it has done here—namely, to make motions pursuant to those sections *in camera* and *ex parte*.  *See* Rule 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  *The court may permit a party to show good cause by a written statement that the court will inspect ex parte*.") (emphasis added); 18 U.S.C. app. 3 § 4 ("The court may permit the United States to make a request" to deny or limit discovery of classified information "in the form of a written statement *to be inspected by the court alone*.") (emphasis added).

Moreover, courts have routinely upheld the practice of proceeding *ex parte* when—as is the case in the Government's CIPA Motion—the substance of classified information is explicitly being discussed in the relevant motion.  *See, e.g.*, *United States* v. *Abu-Jihaad*, 630 F.3d 102, 143 (2d Cir. 2010) (rejecting defendant's argument that Government's *ex parte*, *in camera* submissions are improper because "where the government moves to withhold classified information from the defense, 'an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules'") (quoting *United States* v. *Aref*, 533 F.3d 72, 81 (2d Cir. 2008)); *United States* v. *Zazi*, No. 10 Cr. 60 (JG), 2011 WL 2532903, at *3 (E.D.N.Y. June 24, 2011) ("With respect to the government's request to delete irrelevant classified materials from discovery, an adversary proceeding would be particularly anomalous, as it would provide defense counsel access to sensitive information to which, if the government is correct, they are not entitled under any theory."); *see also, e.g.*, *United States* v. *Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("In a case involving classified documents … *ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of

2

the process that the district court may use in order to decide the relevancy of the information."); *United States* v. *Kampiles*, 609 F.2d 1233, 1248 (7th Cir. 1979) ("It is settled that [i]n camera ex parte proceedings to evaluate bona fide Government claims regarding national security information are proper.").[1]  Indeed, the defendant's request for an "adversarial hearing" (Defendant's April 16th Motion at 7) is made in the teeth of the governing law.  *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("When the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.") (internal quotations omitted); *United States* v. *Klimavicius-Viloria*, 144 F.3d at 1261 ("The legislative history [of CIPA] explains that because the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.") (internal quotation marks and citations omitted); *United States* v. *Mejia*, 448 F.3d 436, 455-57 (D.C. Cir. 2006) (quoting CIPA's legislative history and the Advisory Committee notes to Rule 16 and noting that CIPA § 4 explicitly envisions an *ex parte* proceeding).

In short, when, as here, the Government moves pursuant to CIPA Section 4, proceeding *ex parte* is widely understood to be appropriate and it is entirely standard.  It is of no moment that one of the attorneys representing the defendant has obtained a security clearance.  Even

---

[1] Defense counsel asserts that the Government must demonstrate "exceptional circumstances" in order to justify proceeding on an *ex parte* basis.  This assertion is appropriately rejected in the CIPA context.  *See Abu-Jihaad*, 630 F.3d at 143 (rejecting defendant argument that showing of exceptional circumstances necessary and noting that where Government moves to withhold classified information from defense, adversary hearing would defeat purpose of discovery rules and district court's decision to conduct *ex parte* hearings was not abuse of discretion); *United States* v. *Libby*, 429 F. Supp.2d 18, 25 (D.D.C. 2006) ("First, the Court declines to adopt the defendant's position that he must first have the opportunity to litigate whether the government has established exceptional circumstances before the government can submit to the Court *ex parte* filings pursuant to Section 4.  There is simply no requirement for such a showing in the CIPA, and this Court cannot not judicially require it."), *amended by* 429 F. Supp. 2d. 46 (D.D.C. 2006).

cleared defense counsel are permitted access only to the classified information that they have a "need to know." As such, defense counsel's security clearance—no matter what level—does not obviate the need for the Government's CIPA Motion to be considered *ex parte, in camera*. *See, e.g.*, *United States* v. *Zazi*, 2011 WL 2532903, at *3 ("[The defendant's] lawyers both possess top secret security clearances, which afford them access to the classified summaries the government will shortly provide, but those clearances do not mandate an adversary hearing or access to immaterial classified information for which counsel has no legitimate need.").

This fundamental point is further supported by the opinion by Judge Mark R. Kravitz in *United States v. Abu-Jihaad*, 07 Cr. 57 (MRK), 2007 WL 2972623 (D. Conn. Oct. 11, 2007), *aff'd* 630 F.3d 102, 143 (2d Cir. 2010). In that case, the District Court held that a Government motion under Section 4 of CIPA could be considered *ex parte*—regardless of whether defense counsel did or did not have appropriate security clearances. The District Court reasoned:

> If the Court were to conclude that some or all of the information is discoverable, the Government would then need to decide prior to court-ordered disclosure whether to produce the information to defense counsel subject to appropriate security clearance, seek alternate relief under CIPA – such as substitution of a summary or statement of the discoverable information – or file an interlocutory appeal under CIPA § 7. If, on the other hand, the Court decides that the information is not discoverable at all, Defendant is not entitled to production of the information, *regardless of whether his counsel is willing to submit to security clearances*.

*Abu-Jihaad*, 2007 WL 2972623 at *2 (citations omitted, emphasis added).

Similarly, in *United States* v. *Libby*, 429 F. Supp.2d 18, *amended by* 429 F. Supp. 2d. 46 (D.D.C. 2006), the District Court was called upon to determine whether to permit defense counsel to review the Government's CIPA Section 4 motion where defense counsel (and the defendant) held appropriate security clearances. In deciding this issue, the Court emphasized that the key question was not whether defense counsel had appropriate security clearance.

4

Rather, the question was whether defense counsel had both a security clearance and a "need to know." As the *Libby* court explained, "[i]t is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses." *Id.* at 24 n.8. In short, and as *Zazi*, *Abu-Jihaad*, and *Libby* make clear, when the defense does not have a "need to know" with respect to certain classified information, a court filing that references that information may be made *ex parte*.

*Zazi*, *Abu-Jihaad*, and *Libby* are not outliers in any way. Indeed, courts in this district routinely permit the Government to make CIPA Section 4 filings *ex parte*—even when defense counsel carries an appropriate security approval. That is what happened in *Zazi* and *Libby*. In *United States v. Kassir*, S2 04 Cr. 356 (JFK), for example, a terrorism case tried before Your Honor, the Court, over objection of cleared defense counsel, permitted the Government to file the legal memorandum, declarations, and exhibits associated with its CIPA Section 4 brief *ex parte*, *in camera*.[2] Similarly, in *United States v. al- Kassar*, 07 Cr. 354 (JSR), a terrorism case tried before Judge Rakoff, the Court, over objection by cleared defense counsel, permitted the Government to file the legal memorandum, declarations, and exhibits associated with its CIPA Section 4 *ex parte*, *in camera*.[3] Most recently, in *United States v. Ahmed*, 10 Cr, 131 (PKC), Judge Castel, over the objection of cleared defense counsel, ruled that *ex parte, in camera*

---

[2] The information set forth in the preceding sentence was provided to the AUSAs on the prosecution team by one of the attorneys who represented the Government in the *Kassir* matter. *See also United States v. Kassir*, S2 04 Cr. 356 (JFK), transcript, dated February 10, 2009, Docket Entry No. 82 (reflecting oral argument regarding *ex parte*, *in camera* filing of Government's CIPA Section 4 motion).

[3] The information set forth in the preceding sentence was provided to the AUSAs on the prosecution team by one of the attorneys who represented the Government in the *al-Kassar* matter.

consideration of the Government's CIPA Section 4 motion was proper.  *See United States v. Ahmed*, 10 Cr, 131 (PKC), Memorandum and Order, dated September 23, 2011, Docket Entry No. 43.

Other examples can of course be proffered, but the basic point remains the same—the Government is permitted to make *ex parte* CIPA Section 4 filings, as has been done here, even when defense counsel is cleared.  This practice is unexceptionable, in part because it is closely consistent with the federal courts' practices in other contexts.  As the Court of Appeals for the D.C. Circuit noted, *ex parte* CIPA practice is "closely analog[ous]" to more familiar *ex parte* practice:

> When a court (rather than the prosecutor alone, as is ordinarily the case) reviews evidence *in camera* to determine whether it constitutes a witness statement subject to disclosure under the Jencks Act, 18 U.S.C. § 3500(b), or exculpatory material subject to disclosure under *Brady*, the defendant is likewise not entitled to access any of the evidence reviewed by the court to assist in his argument that it should be disclosed.

*Mejia*, 448 F.3d at 458 & n.22.  Thus, the Court should consider the Government's CIPA Section 4 filing *ex parte¸ in camera* regardless of defense counsel's security clearance—just as many Courts, including this one in *Kassir*, have done before.

## II. The Defendant's Request for an *Ex Parte* Submission by Defense Counsel

The defendant next argues that the Court should allow defense counsel to make an *ex parte* submission of its own, in order to assist the Court in making its determination pursuant to Section 4 of CIPA of the merits of the Government's CIPA Motion.  CIPA authorizes the Court to make such a determination without any input from the defense.  *See* 18 U.S.C. app. 3 § 4.  Indeed, the Court is not required to consider any submissions from the defense.  *See Zazi*, 2011 WL 2532903 at *3 ("Alternatively, [the defendant's] lawyers offer to apprise me of their theory of the case, *ex parte*, so that I may better understand what kind of material might be 'helpful' to

6

the defense.  I decline that offer because I am confident the presentation is unnecessary.  The facts at issue are not complex and the basic contours of both the underlying plot and [the defendant's] alleged obstruction have been well established.").  However, should the Court determine that an *ex parte* submission from the defense would be helpful in its consideration of the Government's CIPA Motion, the Government would not oppose such a submission.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully submits that the Court should deny the defendant's request for disclosure of the legal arguments the Government advanced in support of its CIPA Motion. The Government would not oppose the defendant's request to allow the defendant to submit its own *ex parte* submission should the Court determine that such a submission would be helpful.

Dated: New York, New York
April 30, 2012

        Respectfully submitted,

        PREET BHARARA
        United States Attorney for the
        Southern District of New York


By: _____/s/_____
        Edward Y. Kim
        Glen A. Kopp
        Assistant United States Attorneys
        Tel: 212-637-2401 / 2210
        Fax: 212-637-0097

## AFFIRMATION OF SERVICE

EDWARD Y. KIM, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York. That, on April 30, 2012, I caused copies of the Government's Memorandum of Law to be delivered by ECF and electronic mail to:

>Sabrina Shroff, Esq.
>Sabrina_Shroff@fd.org

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
April 30, 2012

_____/s/_____
Edward Y. Kim
Assistant United States Attorney
(212) 637-2401